# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CR-64-JED |
| | ) | |
| BILLY RAY WILLIS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

The Court has for its consideration defendant Billy Ray Willis' Motion in Limine Excluding Prior Convictions for Impeachment Purposes (Doc. 20).[1]  The government has represented that it intends to impeach Willis with respect to two prior felony convictions if he takes the stand in his forthcoming trial.  Willis seeks to exclude any reference to these convictions pursuant to Fed. R. Evid. 609.

### BACKGROUND

Willis is charged with a single count of defrauding the Social Security Administration out of $15,739 in Supplemental Security Income ("SSI") disability benefits in violation of 18 U.S.C. § 641.  In February 2010, Willis made an initial claim for SSI disability benefits.  In that initial application, Willis represented that he was separated from his wife, Mary Willis (a/k/a Mary Rice), and was living alone at 310 Harrison Street in Pawnee, Oklahoma.  He was approved and began receiving disability in September 2010.

Mary died in April 2013.  On July 23, 2013, Willis applied for Disabled Widower benefits.  The government alleges that, during an interview on that date, Willis signed a

---

[1]  The Court commends both parties for the exceptional briefing with respect to the motion at issue.

statement indicating that he had been living with Mary, at 801 Elm Street in Pawnee, from the time of his original disability benefits application in February 2010. His qualification for those disability benefits had depended, at least in part, on his representation that he lived alone. The charge at issue resulted from the fraud investigation that followed Willis' July 2013 statement.

In his motion, Willis represents that "[i]t is anticipated that [he] will testify on his own behalf." (Doc. 20, at 2). Willis further states that:

> Numerous government witnesses are anticipated to testify that (1) Defendant claimed to live at 310 Harrison by himself and (2) that he actually lived at 810 Elm Street with his wife. Only Defendant can contradict this testimony. If Defendant fails to testify he would likely be convicted on the strength of the Government's evidence. The decision as to whether to testify will be a difficult choice for Defendant if he knows that he will be impeached by prior conviction.

(*Id*., at 5-6). The government's response to Willis' motion in limine asserts that the government desires to introduce: 1) Willis' 2002 conviction for cocaine distribution for which he was released from prison in February 2010; 2) Willis' 1987 conviction for uttering a forged instrument; and 3) testimony regarding Willis' release from prison, probation, ankle monitoring, subsequent arrest, and booking information as res gestae (i.e., an interconnected part) of the charged offense.

### DISCUSSION

### A. The 2002 Conviction for Cocaine Distribution

In 2002, Willis was convicted of distribution of a controlled substance, cocaine, and sentenced to a 15 year prison term. He was released from prison in February 2010, shortly before his initial disability benefits application.

Rule 609 governs admissibility of prior convictions for impeachment purposes. Generally speaking, evidence of felony convictions must be admitted, subject to Rule 403 balancing, in criminal cases with respect to ordinary witnesses. When the witness is also the

accused, the calculus changes. Rule 609(a)(1)(B) provides that such evidence "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant."[2] This language creates a heightened standard in recognition of the potential prejudice caused when a jury is informed that the defendant has previously been convicted of a serious crime. *See United States v. Howell*, 285 F.3d 1263, 1268 (10th Cir. 2002) (quoting 28 Charles Alan Wright & Victor James Gold, Federal Practice & Procedure § 6134 at 230 (1993) ("Rule 609(a)(1) is intended to make it harder to admit conviction evidence when offered against an accused than it is when offered against another witness."). The Tenth Circuit has instructed that the following factors should be considered in weighing whether a prior conviction can be used to impeach a defendant-witness: "the nature of the crime, the time of the conviction, the similarity of the past crime to the charged crime, the importance of the defendant's testimony, and the degree to which the defendant's credibility is central to the case." *United States v. Sides*, 944 F.2d 1554, 1560 (10th Cir. 1991).

As an initial matter, the crime of distribution of cocaine is not particularly probative as to an individual's truthfulness. The conviction occurred approximately 11 years ago, and thus lacks a significant temporal proximity to the charged offense. Both of these factors reduce the probative value of the conviction. There is little similarity between the crimes, which does tend to reduce the risk that evidence of the prior conviction will prejudice the defendant. *United States v. Chaco*, 801 F. Supp. 2d 1217, 1228 (D.N.M. 2011) (citing *United States v. Sanders*, 964 F.2d 295, 297–98 (4th Cir. 1992)) ("The caselaw suggests that past felonies are most prejudicial in cases where the felonies are most similar to the crimes charged."). Willis' testimony is likely

---

[2]  This conviction is subject to Rule 609(a) because, even though the conviction is older than 10 years, Willis' release from prison occurred less than 10 years ago. *See* Rule 609(b) ("This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later.").

to be very significant in this case and his credibility will be a central issue. The government represents that numerous witnesses will be called to testify about where Willis was living during the relevant timeframe. As noted, if Willis takes the stand, he will be the only witness testifying that he was living at the Harrison Street address. While this circumstance does elevate the impeachment value of Willis' 2002 conviction, its value is mitigated by the fact that the government will be presenting a multitude of witnesses that will controvert Willis' sole testimony that he lived alone at 310 Harrison Street. As such, there is far less of a need for the government to undermine Willis' testimony through impeachment in the face of such substantial countervailing witness testimony. In light of the lack of temporal proximity, low probative value of Willis' conviction, and strength of witness testimony against Willis, the Court finds that the prejudicial effect of the 2002 conviction outweighs its probative value. The Court will therefore grant Willis' request to exclude evidence regarding the 2002 conviction.

## B. The 1987 Conviction for Uttering a Forged Instrument

In 1987, Willis was convicted of uttering a forged instrument and sentenced to a three-year prison term. The government notes that this conviction falls under Rule 609(a)(2) as a crime involving dishonesty, which would ordinarily have to be admitted, regardless of balancing. However, because the conviction is much older than 10 years—27 years old, to be precise—it is subject to the limitations in Rule 609(b), which mandates that the conviction's probative value must substantially outweigh its prejudicial effect for it to be admissible. Such convictions should be admitted "very rarely and only in exceptional circumstances." Fed. R. Evid. 609 (advisory committee note to Subdivision (b)).

The 1987 conviction is highly unconnected in time to the charged offense. It is, however, highly probative with respect to Willis' character of truthfulness. At the same time, the

probative nature of the conviction highlights the danger of prejudice inherent in its use at trial—that a jury will think that Willis has a propensity to commit crimes involving dishonesty. Given this potential prejudice and the extreme lack of temporal proximity, exceptional circumstances justifying admission of this conviction are not present here. The Court therefore finds that evidence related to this conviction should likewise be excluded from trial.

## C. Witness Testimony Suggestive of a Prior Criminal Conviction

The government has provided a summary of expected testimony from numerous witnesses whose statements include, among other things, references to Willis' release from prison, subsequent arrests, ankle monitoring, probation, and bail collateral. The government argues that these issues are inextricably intertwined with the charged offense and therefore such statements should be permitted in order to prevent jury confusion and to provide a full factual account. Willis argues that references to Willis' release from prison are unnecessary, but appears to concede that references to probation are not necessarily impermissible, so long as the reason for probation is not given.

In light of the exclusion of Willis' prior convictions, the Court agrees with the defendant that references to Willis' release from prison are unnecessary. The witnesses at issue can be instructed to not make reference to how Willis came to live where he did in February 2010 (i.e., his release from prison). The remaining issues, including subsequent arrests, ankle monitoring, probation, and bail collateral do, however, appear to be inextricably intertwined with the charged offense and incidental references to these issues by witnesses will therefore be permitted, so long as the witnesses' testimony does not touch on the convictions which the Court has concluded should be excluded.

**IT IS THEREFORE ORDERED** that defendant Billy Ray Willis' Motion in Limine Excluding Prior Convictions for Impeachment Purposes (Doc. 20) is **granted**, as provided herein. No references shall be made by the parties with respect to Willis' 2002 and 1987 convictions or his release from prison.

**SO ORDERED** this 10th day of June, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE